IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Lavinia C. Beulah,<br><br>　　　　　　　　　Debtor | Chapter 13<br><br>Bankruptcy No. 16-11718-MDC<br><br>Motion for Contempt |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. That on March 14, 2016, Debtor, Lavinia Beulah, filed this Chapter 13 bankruptcy case.

2. That on July 31, 2016, Debtor filed a Motion for Contempt against Champion Mortgage Company for alleged violation of the automatic stay provided by Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362.

2. That in her Motion Debtor claims that she has an interest in the real property located at 516 Washington Avenue, Media, Pennsylvania, by virtue of an inheritance as heir of the Estate of Hoyt Beulah, deceased, who at the time of his death on January 20, 2015, was the owner of the said realty.

3. That Debtor claims that the said real estate is property of the bankruptcy estate pursuant to Section 541(a)(5)(A) of the United States Bankruptcy Court, 11 U.S.C. § 541(a)(5)(A).

4. That on September 2, 2015, Champion Mortgage Company had commenced an action in mortgage foreclosure in the Court of Common Pleas of Delaware County, Pennsylvania, entitled *Nationstar Mortgage LLC d/b/a Champion Mortgage Company v. Patricia A. Hodnett as Executrix of the Estate of Hoyt Beulah, Jr., deceased,* as of No. 2015-007696.

5. That on July 21, 2016, judgment in mortgage foreclosure was entered in the amount of $147,918.15.

6. That Champion Mortgage Company will promptly vacate the judgment in mortgage foreclosure entered in the Court of Common Pleas of Delaware County at its own cost.

7. That Debtor has agreed to withdraw this Motion for Contempt without prejudice.

8. That Debtor has further agreed to withdraw her Petition to Intervene in the state mortgage foreclosure action which she filed on August 16, 2016.

9. That Champion Mortgage Company has agreed to pay Debtor's counsel the sum of $1,500 for attorney fees in connection with the filing and prosecution of this Motion for Contempt.

10. That nothing in this Stipulation shall be considered either an admission of any wrongdoing by Champion Mortgage Company or constitute a waiver to contest whether or not the real estate located at 516 Washington Avenue, Media, Pennsylvania, is property of the bankruptcy estate, or to object to confirmation of Debtor's Chapter 13 Plan.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 19, 2016

Joshua I. Goldman, Esquire
Thomas Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 8/19/16

_s/Lawrence S Rubin_
Lawrence S. Rubin, Esquire
Attorney for Debtor

This Stipulation is approved by the Court this __1st__ day of __September__, 2016.

The Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman